IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00181-BR

| | | |
|---|---|---|
| CECELIA D. WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| NC OFFICE OF STATE HUMAN | ) | |
| RESOURCES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's objections to the order and memorandum and recommendation ("M&R") of U.S. Magistrate Judge Robert T. Numbers, II. (DE # 27.)

On 13 August 2020, Judge Numbers denied plaintiff's request for appointment of counsel, concluded plaintiff has stated a claim for a violation of the Fourth Amendment against defendant Chelce Villines, and recommended that this court dismiss her remaining claims. (DE # 24.) Also, Judge Numbers permitted the Clerk to issue any summons related to service on Villines and stated that "[i]f [plaintiff] does not properly serve Villines within 90 days . . ., the court may dismiss her complaint." (Id. at 10.)

On 1 September 2020, plaintiff filed the instant objections to the order and M&R. First, she contends Judge Numbers erred in denying her request for appointment of counsel because she is indigent and is being allowed to proceed with a constitutional claim against Villines. (Objs., DE # 27, at 1.) Judge Numbers has the authority to determine a motion for the appointment of counsel. See 28 U.S.C. § 636(b)(1)(A); Local Civil Rule 72.3(b). This court may reconsider his decision if it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Local Civil Rule 72.4(a)(4). Judge Numbers correctly recognized that there is no constitutional right to counsel in civil cases absent exceptional circumstances. (See DE # 24, at

9.) See also Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds, Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). He found such circumstances did not exist here because the action is not complex and plaintiff's filings show she has the capacity to adequately represent herself. (See DE # 24, at 10.) This finding is not clearly erroneous. Because Judge Numbers' order denying plaintiff's request for appointment of counsel is neither clearly erroneous nor contrary to law, this court will not reconsider it.

Next, plaintiff lodges objections to Judge Numbers' recommendation that most of her claims be dismissed. In addition to a Fourth Amendment claim against Villines, plaintiff alleges claims for fraud in the inducement of a contract and breach of contract as well as for violations of her Fifth, Thirteenth, and Fourteenth Amendment rights against defendants affiliated with her employment in North Carolina. (Compl., DE # 1, at 5, 7-8.) Judge Numbers recommends that this court dismiss all plaintiff's claims, except the Fourth Amendment claim against Villines, pursuant to 28 U.S.C. § 1915(e)(2)(B). The court reviews this recommendation *de novo*. See 28 U.S.C. § 636(b)(1); Local Civil Rule 72.4(b)(4).

Under § 1915(e)(2)(B), the court must dismiss an indigent litigant's action if it is frivolous or fails to state a claim on which relief may be granted, among other reasons. 28 U.S.C. § 1915(e)(2)(B). "A claim having no arguable basis in law or fact may be dismissed as frivolous." Hill v. O'Brien, 387 F. App'x 396, 398 (4th Cir. 2010) (citations omitted). In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. The court reviews the complaint keeping these standards in mind

and considering its obligation to liberally construe plaintiff's *pro se* complaint.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiff objects to the dismissal of her contract-based claims.  These claims are based on the following alleged facts.  Until January 2016, plaintiff was employed with North Carolina Department of Health and Human Services ("DHHS").  (Compl., DE # 1, at 7, 9.)  In February 2016, plaintiff entered into a written and oral contract with the North Carolina Office of State Human Resources, Temporary Solutions ("Temporary Solutions"), providing that plaintiff would work as a state agency temporary employee, a Customer Service Agent at the North Carolina Department of State Treasurer ("State Treasurer"), for $15 per hour, 35 hours Monday through Friday, with no benefits, for 11 months.  (Id. at 9.)  In February 2017, when filing for unemployment benefits, plaintiff learned that in March 2016, DHHS cancelled her contract with Temporary Solutions and then entered into a contract with Temporary Solutions for plaintiff to secretly work for DHHS at the State Treasurer.  (Id. at 7, 9; see also Compl. Supp., DE # 22, at 1.)  According to plaintiff, DHHS never extended her an offer of employment, and even though DHHS was in fact her employer, she was not paid a regular salary or benefits.  (Compl., DE # 1, at 7; Compl. Supp., DE # 22, at 1.)  She worked at the State Treasurer until she was fired in August 2016.  (Compl., DE # 1, at 9.)  Plaintiff alleges that Temporary Solutions breached its contract with her and that DHHS engaged in fraud by entering into the contract with Temporary Solutions.  (Objs., DE # 27, at 1.)

Under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of the contract."  Wells Fargo Ins. Servs. USA, Inc. v. Link, 827 S.E.2d 458, 472 (N.C. 2019) (internal quotation marks, alteration, and citations omitted).  Plaintiff contends that she has sufficiently stated such a claim against

3

Temporary Solutions by alleging the terms of their written contract and by alleging Temporary Solutions "breached that contract by ending it without Plaintiff's knowledge and entering into a new contract with DHHS[.]" (Objs., DE # 27, at 1.) Although plaintiff has sufficiently alleged the existence of a contract between her and Temporary Solutions, her own allegations defeat a breach of that contract. Importantly, she does not contend that her firing was in contravention of the contract or that she was not paid according to its terms. Rather, her issue is with DHHS being her "real" employer, yet treating her as a temporary, hourly employee per the terms of her contract with Temporary Solutions. Even if plaintiff was classified as an employee of DHHS while she worked at the State Treasurer, that does not mean Temporary Solutions breached its employment contract with her. Plaintiff has failed to state a breach of contract claim, and that claim will be dismissed.

Plaintiff's other contract-based claim is based on fraud in the inducement. "The essential elements of fraud or fraudulent inducement are: '(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.'" Worley v. Moore, No. 15 CVS 1316, 2018 WL 5795741, at *5 (N.C. Super. Nov. 2, 2018) (quoting Terry v. Terry, 273 S.E.2d 674, 677 (N.C. 1981)). "If a claim of fraud is based on concealment of a material fact, the plaintiff must also allege that the party allegedly committing the fraud had a duty to speak." Id. (citing Griffin v. Wheeler-Leonard & Co., 225 S.E.2d 557, 565 (N.C. 1976)). Plaintiff claims DHHS committed fraud by "enter[ing] into a contract with Temporary [S]olutions to contract [her] out as their employee without [her] knowledge and drew up paperwork to that extent, which is also in [plaintiff's] unemployment records." (Objs., DE # 27, at 1.) Plaintiff does not allege that anyone with DHHS affirmatively made misrepresentations to her. In fact, she was

4

unaware of her apparent employment status until after she was fired and applied for unemployment benefits. Furthermore, she does not contend DHHS had a duty to disclose to her its agreement with Temporary Solutions and the circumstances alleged do not suggest DHHS had such a duty. See Harton v. Harton, 344 S.E.2d 117, 119 (N.C. Ct. App. 1986) (discussing the situations in which a duty to disclose arises: a fiduciary relationship and when the parties are negotiating at arm's length). Plaintiff has failed to state a claim for fraud, and that claim will be dismissed.

Plaintiff also objects to the dismissal of her Thirteenth Amendment claim. (Objs., DE # 27, at 1.) Plaintiff claims her being forced to work as an employee of DHHS without receiving benefits like other state employees constitutes involuntary servitude and therefore violates the Thirteenth Amendment. (Id. at 1-2.) The court disagrees.

Involuntary servitude means:

> a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process. This definition encompasses those cases in which the defendant holds the victim in servitude by placing the victim in fear of such physical restraint or injury or legal coercion[.]

Krings v. U.S. Postal Serv., No. 1:15-cv-00114-MR-DLH, 2015 WL 6394166, at *3 (W.D.N.C. Sept. 21, 2015) (memorandum and recommendation) (quoting United States v. Kozminski, 487 U.S. 931, 952 (1988)), accepted, 2015 WL 6396022 (W.D.N.C. Oct. 22, 2015); see also Herndon by Herndon v. Chapel Hill-Carrboro City Bd. of Educ., 89 F.3d 174, 180–81 (4th Cir. 1996) ("In the Thirteenth Amendment context, 'subtle or indirect' pressure to work does not render that work involuntary."). None of plaintiff's allegations suggest any of the defendants physically forced her to work, or threatened her with violence if she did not, or otherwise subjected her to

5

Case 5:20-cv-00181-BR   Document 30   Filed 12/02/20   Page 5 of 7

involuntary servitude. Thus, she has failed to state a claim for violation of the Thirteenth Amendment, and that claim will be dismissed.

Plaintiff has not raised specific objection to Judge Numbers' recommendation that her claims alleging violations of the Fifth and Fourteenth Amendments be dismissed. (See Objs., DE # 27, at 1-2.)

> The Court is not required to review, under a de novo or any other standard, the factual or legal conclusion of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Clark v. Harrah's NC Casino Co., LLC, No. 1:17-CV-00240-MR-DLH, 2018 WL 4664136, at *1 (W.D.N.C. Sept. 28, 2018), appeal dismissed, No. 18-2293, 2019 WL 1938324 (4th Cir. Feb. 19, 2019). Accordingly, for the reasons stated in the M&R, the court will dismiss plaintiff's claims based on alleged violations of the Fifth and Fourteenth Amendments.

Finally, the court addresses service on defendant Villines, who allegedly is a United States Secret Service Agent and resident of Georgia, North Carolina, and New Jersey, (Compl., DE # 1, at 2). In accordance with Judge Numbers' order, on 19 August 2020, the Clerk issued the only summons plaintiff had submitted which could conceivably be related to service on Villines and submitted it, with a copy of the complaint, to the United States Marshals Service ("USMS") to make service.[1] That summons was directed to Robert K. Hur, United States Attorney, District of Maryland. (DE # 26.) The USMS Process Receipt and Return indicates that a receptionist in Hur's office received personal service on 14 October 2020. (DE # 29.)

---

[1] The other summonses plaintiff submitted were directed to defendants affiliated with plaintiff's employment in North Carolina. (See DE ## 1-1, 3-3.)

Plaintiff filed a certificate of service indicating that she served Hur by first class mail and Robert Higdon, United States Attorney, Eastern District of North Carolina, by email. (DE # 28.)

Plaintiff did not submit summons directed to Villines, the Attorney General of the United States, or the United States Attorney for this district. See Fed. R. Civ. P. 4(a)(1)(B) (providing a summons must be directed to the defendant). Additionally, plaintiff has not correctly served the United States or Villines, a United States officer or employee. See Fed. R. Civ. P. 4(i)(1)-(3). The court will allow plaintiff additional time to cure these deficiencies.

For the foregoing reasons, plaintiff's objections to Judge Numbers' order and M&R are OVERRULED, and the court ADOPTS the M&R consistent with the discussion above. Plaintiff's claims for fraud in the inducement of a contract and breach of contract and claims based on violations of the Fifth, Thirteenth, and Fourteenth Amendments are DISMISSED WITH PREJUDICE. Plaintiff's Fourth Amendment claim against Villines remains. All other defendants are DISMISSED.

Within 30 days, plaintiff shall submit to the Clerk corrected summonses. The Clerk will then issue any summonses. The United States Marshals Service is DIRECTED to make service on behalf of plaintiff. Plaintiff is warned if she does not timely submit proper summonses, her claim against Villines will be dismissed without prejudice.

This 2 December 2020.

_____
W. Earl Britt
Senior U.S. District Judge